UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| SHAYNE EMERY,<br><br>　　　Plaintiff,<br><br>v.<br><br>AMERICAN INSURANCE ORGANIZATION LLC,<br><br>　　　Defendant. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY DEMANDED** |

Now comes the Plaintiff, SHAYNE EMERY ("Plaintiff"), by and through his attorneys, and for his Complaint against the Defendant, AMERICAN INSURANCE ORGANIZATION LLC ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1.　　This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully placing, through its agent(s), sales, solicitation and/or other telephone calls to Plaintiff's cellular telephone, in violation of the TCPA and related regulations, specifically the National Do-Not-Call and internal do-no-call provisions of 47 C.F.R. § 64.1200(c), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.　　According to the Federal Communications Commission's website, accessed on August 28, 2020 at https://www.fcc.gov/consumers/guides/stop-unwanted-robocalls-and-texts:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost by calling 1-888-382-1222 (voice) or 1-866-290-4236 (TTY). You must call from the phone number you wish to register. You can also register at donotcall.gov.
>
> Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers.

3. The TCPA was designed to prevent automated telephone calls like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on the TCPA's purpose).

5. Persons, like Plaintiff herein, have no control to stop unsolicited, unwanted calls to their cellular telephones.

6. Plaintiff and the members of the proposed Class defined below received telemarketing calls to their telephones despite having registered their telephone numbers on the National Do-Not-Call list, all because Defendant wished to advertise and market its products and/or services for its own benefit.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

9. Plaintiff is an individual who was at all relevant times residing in Waverly, Illinois.

10. On information and belief, Defendant is a limited liability company of the State of Pennsylvania, which is not registered with the Secretary of State to do business in Illinois, and which has its principal place of business in Allentown, Pennsylvania.

11. On information and belief, at all times relevant hereto, Defendant was engaged in the sale of insurance products and services.

12. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

13. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

## FACTS COMMON TO ALL COUNTS

14. On or about February 27, 2010, Plaintiff successfully registered his residential cellular telephone number ending in -2220 with the National Do Not Call Registry.

15. During or about January of 2017, Defendant began placing unsolicited telemarketing calls to Plaintiff's cellular telephone.

16. Defendant contacted or attempted to contact Plaintiff from telephone number 217-600-2044, confirmed to belong to Defendant.

17. Defendant's unsolicited telemarketing calls to Plaintiff constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2), as they were made in attempts to promote or sell Defendant's products or services.

18. Plaintiff received at least 17 such unsolicited telemarketing calls from Defendant between January and March of 2017.

19. Plaintiff did not provide his prior express invitation or permission to Defendant to place these solicitation telemarketing calls to his cellular telephone.

20. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephones;

    c. Wasting Plaintiff's time;

    d. Risk of injury due to interruption and distraction when receiving unwanted telemarketing calls from Defendant;

    e. Depletion of Plaintiff's cellular telephone batteries;

    f. The cost of electricity to recharge Plaintiff's cellular telephone batteries; and

    g. Aggravation, frustration, stress, emotional distress, and similar categories of damages.

21. In multiple instances, Defendant placed unsolicited telemarketing calls to Plaintiff after Plaintiff registered his telephone number ending in -2220 with the federal government's Do Not Call List, in violation of the TCPA, 47 U.S.C. § 227, *et seq.,* and 47 C.F.R. § 64.1200(c).

22. Defendant's unsolicited telemarketing calls to Plaintiff after Plaintiff registered his telephone number ending in -2220 with the federal government's Do Not Call List violated 47 C.F.R. § 64.1200(c) and 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and all others similarly situated, as members of the proposed class defined as follows (the "Class"):

> All residential telephone subscribers within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express invitation or permission, nor had a prior established business relationship with Defendant, or who had revoked such invitation or permission or prior business relationship, who received more than one solicitation call made by or on behalf of Defendant within any 12-month period, within four years prior to the filing of this Complaint.

24. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the hundreds, if not thousands or more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

25. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class include hundreds, if not thousands of members. Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

26. This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the is so numerous that joinder of its members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and to the Court.

27. There are questions of law and fact common to the Class affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual members and include, but are not limited to, the following:

   a. Whether the Class members' telephone numbers were called by Defendant more than once in a 12-month period after the Class members had registered such numbers on the National Do-Not-Call registry;

   b. Whether Defendant had any Class members' prior express invitation or permission to place solicitation telephone calls to them, or had a prior established business relationship with any Class members;

   c. Whether the Class members are entitled to damages and if so, the proper measure of those damages; and

   d. Whether Defendant violated the TCPA, 47 U.S.C. § 227, *et seq*.

28. As a residential telephone subscriber who received multiple telephone calls in a 12-month period, made by or on behalf of Defendant, without his prior express invitation or permission and without a prior established business relationship with Defendant, after his telephone number was registered on the National Do-Not-Call Registry for at least 30 days, within four years prior to the filing of this Complaint, Plaintiff is asserting claims that are typical of the Class.

29. Plaintiff has no interest adverse or antagonistic to the interests of the other members of the Class.

30. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

31. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

32. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

33. Defendant has acted or refused to act in respect generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

34. Defendant failed to comply with the requirements of the TCPA, including but not limited to 47 U.S.C. § 227(c), and 47 C.F.R. § 64.1200(c), as to the Class members with respect to the above-alleged transactions.

35. The TCPA regulations, specifically 47 C.F.R. § 64.1200(c)(2), provide that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

36. In multiple instances, Defendant placed solicitation telephone calls to the Class members after the members had registered their telephone numbers with the federal government's Do-Not-Call Registry, and without the prior express invitation or permission of, or without a prior established business relationship with, the recipients, in violation of the TCPA, 47 U.S.C. § 227, *et seq.* and 47 C.F.R. 64.1200.

37. The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

## COUNT I
## NEGLIGENT VIOLATION OF
## THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 37 above as if reiterated herein.

39. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every such violation of the TCPA, pursuant to 47 U.S.C. § 227(c)(5).

41.  Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATION OF
## THE TELEPHONE CONSUMER PROTECTION ACT

42.  Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 37 above as if reiterated herein.

43.  The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including the implementing regulations of 47 C.F.R. 64.1200(c).

44.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of up to $1,500.00 in statutory damages for each and every such violation of the TCPA, pursuant to 47 U.S.C. § 227(c)(5).

45.  Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

a.  An order certifying the Class and appointing Plaintiff as Representative of the Class;

b.  An order certifying the undersigned counsel as Counsel for the Class;

c.  An order requiring Defendant, at its own cost, to notify all Class members of the unlawful conduct herein;

    d.      Judgment against Defendant in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendant;

    e.      Judgment against Defendant in an amount of up to $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendant;

    f.      An order for injunctive relief prohibiting such conduct by Defendant in the future;

    g.      Judgment against Defendant for Plaintiff's court costs, witness fees, and other litigation costs; and

    h.      Any other relief deemed just and proper by this Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action which are so triable.

RESPECTFULLY SUBMITTED,

SHAYNE EMERY

By:    /s/ David B. Levin
       Attorney for Plaintiff
       Illinois Attorney No. 6212141
       Law Offices of Todd M. Friedman, P.C.
       111 W. Jackson Blvd., Suite 103
       Chicago, IL 60604
       Phone: (224) 218-0882
       Fax: (866) 633-0228
       dlevin@toddflaw.com